**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.   14-cv-61821**

ELESEMA GONZALEZ,

       Plaintiff,

v.

NORTH BROWARD HOSPITAL
DISTRICT,

       Defendant.

_____/

**DEFENDANT, NORTH BROWARD HOSPITAL DISTRICT'S, MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT AND SUPPORTING
MEMORANDUM OF LAW**

Defendant, NORTH BROWARD HOSPITAL DISTRICT ("Broward Health"), by and through its undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves for the entry of an Order dismissing the Amended Complaint dated July 30, 2014, filed by the Plaintiff, ELESEMA GONZALEZ ("Gonzalez"), and states:

**I.  Introduction**

1.      Gonzalez filed suit against the Broward Health alleging that she was "constructively discharged" from her position as a dental technician after she made a complaint "about patient safety." See Am. Compl. (DE 1, ¶ 11)

2.      Gonzalez asserts a claim under 42 U.S.C. §1983 for an alleged violation of her right to free speech as guaranteed by the First Amendment to the United States Constitution. The Complaint fails to state a claim for violation of the First Amendment because a governmental employee's speech– like Gonzalez's– is not protected when the speech arises

from the employee's job responsibilities.

**WHEREFORE**, Defendant, NORTH BROWARD HOSPITAL DISTRICT, respectfully requests the entry of an Order dismissing the Amended Complaint and for such other and further relief as the Court deems just and proper.

## II.  Memorandum of Law

### No First Amendment Claim

To establish a claim under 42 U.S.C. § 1983 for violation of First Amendment rights, a plaintiff must show: (1) that her speech or act was constitutionally protected; (2) that she suffered adverse conduct that would likely deter a person of ordinary firmness from engaging in such speech; and, (3) that there is a causal connection between the adverse conduct and the protected speech. Worley v. City of Lilburn et al., 2011 U.S. App. LEXIS 410 (11th Cir. 2011); Castle v. Appalachian Technical College, 2010 U.S. App. LEXIS 25911 (11th Cir. 2010).

Gonzalez's First Amendment claim fails because the allegations in the Amended Complaint establish that Gonzalez's alleged statements were made pursuant to her official duties as a dental technician. See Am. Compl. at ¶ 12: "Beginning in 2010 Plaintiff advised Dexter Dore and Maxine James-Francis that a co-worker Christine Norgasse was repeatedly falling asleep during dental procedures while holding dental instruments in the patients mouths."

Statements made by public employees pursuant to their official duties are ***not*** protected under the First Amendment. Garcetti v. Ceballos, 547 U.S. 410, 421 (2006). The

First Amendment simply does not protect a government employee fulfilling official responsibilities.  Phillips v. City of Dawsonville, 499 F.4th 1239, 1242 (11th Cir. 2007); Boyce v. Andrew, 510 F.4th 1333, 1341 (11th Cir. 2007).  "When a citizen enters government service, the citizen by necessity must accept certain limitations on his or her freedom."  Garcetti, 547 U.S. at 418.  For a government employee's speech to warrant First Amendment protection, "the employee must have (1) **spoken as a citizen**, and (2) addressed matters of public concern."  Thampi v. Manatee County , 348 Fed. Appx. 983 (11th Cir. 2010), citing Boyce v. Andrew, 510 F.4th 1333, 1341 (11th Cir. 2007); see also D'Angelo v. Sch. Bd. of Polk County, Fla., 497 F.4th 1203, 1208-10 (11th Cir. 2007).  This threshold matter is a "question of law."  Battle v. Bd. of Regents, 468 F.4th 755, 759-760 (11th Cir. 2006).

In Garcetti, the Supreme Court considered whether a memorandum written by the plaintiff, a deputy district attorney, about misrepresentations contained within an affidavit used by police to obtain a search warrant was protected by the First Amendment.  Id. at 413-17.  The Supreme Court identified as relevant two factors that, considered in isolation, are not dispositive: first, whether the speech occurs in the workplace; and second, whether the speech concerns the subject matter of the employee's job.  Id. at 420-21.  The Supreme Court explained that the controlling factor was whether the plaintiff's statements "were made pursuant to his job duties."  Id. at 421.  The Supreme Court further defined speech made pursuant to an employee's job duties as "speech that owes its existence to a public employee's professional responsibilities."  Id.  The Supreme Court stated that "when public

employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Id. at 421.  The Supreme Court concluded that the deputy district attorney's speech was not protected by the First Amendment because the deputy's "expressions were made pursuant to his duties as a calendar deputy." Id. at 420-21.

In Battle v. Bd. of Regents, 468 F.4th 755 (11th Cir. 2006), the plaintiff advised her supervisor, the director of the Federal Work Study Program, about fraud in student files that the plaintiff discovered her supervisor had committed.  Id. at 757-58. The plaintiff also provided the complaints to the university's director of financial aid and the vice president of student affairs.  Id.  After voicing those complaints, the plaintiff was told that her employment contract would not be renewed.  Id. at 758-59.  The Eleventh Circuit held that "Plaintiff's speech to [university] officials about inaccuracies and signs of fraud in student files was made pursuant to her official employment duties."  Id. at 761; see also D'Angelo v. Sch. Bd. of Polk Cnty., Fla., 497 F.4th 1203 (11th Cir. 2007) (holding public high school principal's statements made in connection with his efforts to convert school to charter status were made pursuant to principal's official duties and thus not protected by the First Amendment); Boyce v. Andrew, 510 F.4th 1333 (11th Cir. 2007) (holding that complaints about case loads made by county Child Protective Services employees was speech made in performance of their official duties and thus not protected by the First Amendment); White v. School Board Hillsborough County, 2009 U.S. App. LEXIS 1532 (11th Cir. 2009) (holding that a letter written by a director of a school alleging that the fire safety inspector filed a false

report, was not entitled to First Amendment protection because it was made in the course of her duties as director of the school, even though she had no formal duty to write the letter).

Here, the allegations of the Complaint establish that Gonzalez was speaking as an employee when she made her "speech" about her co-worker. See Am. Compl. at ¶ 12. Because the First Amendment does not protect "speech" communicated pursuant to a governmental employee's duties, Gonzalez's claim fails and the Complaint must be dismissed. Garcetti v. Ceballos, 547 U.S. 410, 421 (2006).

**WHEREFORE**, Defendant, NORTH BROWARD HOSPITAL DISTRICT, respectfully requests the entry of an Order dismissing the Amended Complaint and for such other and further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August, 2014, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

    JOHNSON, ANSELMO, MURDOCH, BURKE,
    PIPER & HOCHMAN, P.A.
    **Attorneys for North Broward Hospital District**
    2455 East Sunrise Boulevard, Suite 1000
    Fort Lauderdale, Florida 33304
    Telephone:   (954) 463-0100
    Facsimile:   (954) 463-2444

BY:   *s/Christopher J. Stearns*
    E. BRUCE JOHNSON
    Florida Bar Number:  262137
    CHRISTOPHER J. STEARNS
    Florida Bar Number:  557870

## SERVICE LIST

**G. WARE CORNELL, JR., ESQ.**
CORNELL & ASSOCIATES
**Attorney for Plaintiff**
2645 Executive Park Drive
Weston, Florida 33331
Telephone:   (954) 618-1041
ware@warecornell.com

---

**E. BRUCE JOHNSON, ESQ.**
**CHRISTOPHER J. STEARNS, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for North Broward Hospital District**
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:   (954) 463-0100
Facsimile:    (954) 463-2444
stearns@jambg.com
johnson@jambg.com